UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Mascot Technologies, Inc., )
          Plaintiff )
 )
 )    Case No. 05-1340
 )
Vijeeth Guda, York Enterprise Solutions, )
and Jim Spinner, )
          Defendants )

**ORDER**

Now before the court are the following motions: Plaintiff's motion for leave to file a second amended complaint (#28); Plaintiff's motion to revise the scheduling order in this case (#31); defendants York Enterprise Solutions' and Jim Spinner's motion to compel deposition (#32) and plaintiff's motion for protective order (#36).

Plaintiff's proposed amended complaint would bring in a new party, Universal Business Solutions (UBS). As defendants point out there are some problems that such an amendment would cause. However, the decision whether to allow Plaintiff's motion must be grounded in Fed.R.Civ.P. 15(a), which provides that leave to file an amended pleading "shall be freely given when justice so requires." The decision is within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1971). One of the factors to be taken into account is prejudice. Id. at 331.

In this case, there is no question that the trial will be delayed if the amendment is allowed: the new party will undoubtedly desire (and be entitled) to conduct discovery. It appears, however, that justice will be best served if the schedule is adjusted to allow this amendment. Adding the new party allows resolution of all the related disputes in a single lawsuit. Moreover, Defendants have not completed their own discovery; see motion to compel

below.  Re-opening discovery will allow  or all parties to prepare this case for trial.  Finally, I note that this case is only one year old.  A relatively brief extension will not significantly delay a trial in this case.

The motion for leave to file an amended complaint (#28) is therefore granted.  The Clerk is directed to file the amended complaint that was submitted as document #30.  Plaintiff is directed to obtain prompt service on the new defendant and to file promptly execution of service.

The motion to extend the schedule (#31) is also granted.  This case is set for a supplemental scheduling conference on February 5, 2007 at 1:30 p.m. in person.  Plaintiff is directed to notify the new defendant of this date and time.  The parties are further directed to prepare an agreed, amended report of discovery planning.  If this report is filed on or before January 31, 2007, the conference will be converted to a telephone conference.

The motion to compel (#32) is moot, as is the motion for protective order (#36).  However, the parties are cautioned that corporate representatives should be produced for deposition at a location that maximizes efficiency.  In the case cited by plaintiff in its opposition to the motion to compel, <u>Custom Form Mfg. Inc. v. Omron Corp.</u>, 196 F.R.D. 333, 336 (N.D.Ind. 2000), the court was required to determine where would be an appropriate locale for deposition of corporate representatives.  The court considered where the corporation was located (i.e. travel expense for the deponents) as well as where counsel for all parties were located (i.e. travel expense for counsel) in order to evaluate the costs of the various proposed locations.

Here, defense counsel for the two defendants is located respectively in Peoria and Cedar Rapids Iowa.  It is not known where counsel for the new defendant will be located.  Plaintiff's counsel is in Chicago.  Plaintiff's principle place of business is in Waukesha,

Wisconsin.  Defendant Guda is a citizen of Illinois and a resident of Peoria, Illinois.  Defendant York and its employee Spinner are located in Minnesota.  The new defendant is located in Texas.

It does not appear that there is any one place that will be convenient or cost-effective for everyone.  All participants - counsel and deponents alike - will have to travel somewhere.  If the parties cannot agree on how to proceed with each of the several corporate depositions that will undoubtedly have to be taken in this case, then the Court will require all depositions to be taken in Peoria,  where plaintiff chose to file this case.

As stated herein, the following rulings are made:

- the Motion to Amend the Complaint (#28), adding a new party is allowed.  The Clerk is directed to file the proposed amended complaint that was originally submitted as Document #30.
- #29 is moot, as it is not a motion at all.
- The motion to compel (#32) is moot.
- The motion to revise the scheduling order in this case (#31) is granted and this case is set for a scheduling conference as stated above on February 5, 2007.
- The motion for protective order (#36) is moot.

ENTER this 21st  day of November 2006.

                              s/ John A. Gorman

                              JOHN A. GORMAN
                    UNITED STATES MAGISTRATE JUDGE