E-FILED
Wednesday, 30 May, 2007  02:20:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Mascot Technologies, Inc., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 05-1340 |
| | ) | |
| Vijeeth Guda; York Enterprise Solutions; | ) | |
| Jim Spinner; and Universal business | ) | |
| Solutions, Inc., | ) | |
| Defendants | ) | |

**ORDER**

Now before the Court is the Plaintiff's Motion to Compel (#48).  The motion is

fully briefed and I have carefully considered the arguments of the parties.  For the

following reasons, the motion is granted in part and denied in part, as stated below.

At issue in this motion are Plaintiff's First Request to Admit Facts and

Genuineness of Documents and Plaintiff's Second Request for Production of

Documents.  According to Plaintiff, the responses were "essentially ambiguous,

equivocal and non-responsive."  (Plaintiff's Motion at p.3 ¶ 10).  According to

Defendants, they have "fully and completely responded" to both and they do not

understand what this dispute is about.

As an introductory matter, Defendants' Response to the Request to Admit and

Response to the Request to Produce each include two "General Objections."  These

"General Objections" read as follows:

1. Defendants object to the instructions preceding the Requests to the extent
   the instructions purport to impose upon Defendant any obligation in
   answering the Requests in excess of the obligation imposed upon
   Defendant by the Federal Rules of Civil Procedure.

2.      Defendants object to each Request if and to the extent it seeks information protected by the attorney-client privilege or attorney work-product privilege.

Neither of these objections adds anything to the Defendants' response or to this analysis.   Rule 36(a) and Rule 34(b) require that objections be stated specifically, with the reason for the objection.   A general objection such as the first one, that one of the Requests may have requested some improper material or response, does not satisfy the requirement of specificity, nor does it comport with the general spirit of the Rules to fairly confront the substance of discovery requests.   The second one is meaningless unless a privilege log is produced as required by Rule 26(b)(5), and no such log has been brought to the Court's attention.  With respect to the pending motion, therefore, both General Objections are ignored.  No other objections having been made, this analysis is limited to the completeness and clarity of the Responses.

 Fed.R.Civ.P. 36(a) provides that a party may serve on another party a request for the admission:

of any matters within the scope of Rule 26(b)(1)  ... that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.  Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying."

Plaintiff's Request to Admit and Defendants' Responses thereto encompassed three statements, as follows:

1.      On or about June 25, 2004, Defendant Jim Spinner acting in his official capacity on behalf of Defendant York Enterprise Solutions delivered a Master Contract Agreement to Plaintiff's agent Purav.

RESPONSE:  Admitted that on or about June 25, 2004, Defendant Jim Spinner, acting as an agent of Defendant York Enterprise Solutions and

acting within the scope of his authority, delivered an unsigned document entitled "Master Contract Agreement" to Plaintiff's agent Purav.

2.      Exhibit A attached hereto is a true copy of the Master Contract Agreement delivered by Defendant Jim Spinner to Plaintiff's agent Purav on or about June 25, 2004.

RESPONSE:  Admitted that Exhibit A is a copy of the unsigned document entitled "Master Contract Agreement" delivered by Jim Spinner to Purav of Mascot Technologies on or about June 25, 2004.

3.      On or about June 25, 2004, Defendant Jim Spinner acting in his official capacity on behalf of Defendant York Enterprise Solutions delivered a Purchase Order to Plaintiff's agent Purav.

RESPONSE:  Admitted that on or about June 25, 2004, Jim Spinner, acting as an agent of Defendant York Enterprises Solutions and acting within the scope of his authority, delivered an unsigned document entitled "Purchase Order" to Plaintiff's agent Purav.

Defendants' responses to #1 and #3 appear incomplete.  The Rule requires that "copies of documents shall be served with the request." and it appears from the Plaintiffs' motion that  such copies were provided.  Although these two Requests do not ask for an admission or denial of genuineness, the Responses make no reference  to the attached documents.  As a result, it is impossible to tell whether Defendants are talking about the same document that was attached.   Defendants shall therefore serve, within 14 days, a signed, written supplemental response that (1) specifically refers to the document supplied by Plaintiff with these Requests and (2) clarifies  the substance of the Response refers to that attached document.

Defendants' response to #2 is complete.  The Request seeks admission or denial of the genuineness of the document attached, and the response is an admission.  Nothing more is required.

Plaintiff also complains about the Defendants' response to his Second Request for Production of Documents.  The Request at issue, along with the response and supplemental response, read as follows:

> 1.     On 4/17/06, York Enterprise Solutions provided Mascot Technologies with a copy of the Purchase Order dated June 25, 2004, captioned "York 000026 04/17/06,"  for a Master Contract Agreement.  Both the Purchase Order and Master Contract Agreement were between Mascot Technologies and York Enterprise.  Please produce a copy of the said Master Control Agreement.
>
>     RESPONSE:  York and Spinner object on the grounds that Request No. 1 is vague, indefinite, and not susceptible of a reasoned answer.  Without waiver of the foregoing objection, York and Spinner produce copies of two different documents entitled "Master Contractor Agreement" herewith.

Upon receiving this response, counsel for Plaintiff sent an email to counsel for Defendants, which read in pertinent part:

> I have read your clients' response ... in which you produced "copies of two different documents entitled "Master Contractor Agreement" without identifying which of the two documents were sent to Mascot Technologies. Is it your client's position that both documents were sent to Mascot Technologies?  This is an indication that your client has failed to respond to our Second Request for Production of Documents.

Defense counsel responded (in pertinent part):

> As to the Master Contractor Agreement, our client had two separate paper documents in its files.  Its email records do not permit it to ascertain which was sent to your client.  While you possession of the "Mascot" version of the document suggest that it was likely sent, we have no means to independently verify this.

 At this point in time, Defendant York requested its IT personnel to examine the computer archives and locate the email in question.  This ongoing effort was communicated to Plaintiff's counsel.  Nonetheless, this motion to compel was filed.

In addition, on April 16, Plaintiff sent another Request to Produce all emails between and among the Defendants and Plaintiff between June 23 and June 29, 2004.

On April 27, the attorneys for the parties had a teleconference, at which time it appears that the ss advised that they would not be producing any further emails.

By April 30, however, Defendant York was successful at locating the email in question.  The Master Contractor Agreement was produced to Mascot, along with copies of 11 other email messages sent by Spinner to Mascot, Vijeeth Guda, and/or Universal Business Solutions that were located during the search of the archives.  York also served the following supplement to the earlier Response:

> SUPPLEMENTAL RESPONSE:  York and Spinner object on the grounds that Request No. 1 is vague, indefinite, and not susceptible of a reasoned answer.   Without waiver of the foregoing objection, York and Spinner produce an unsigned document, Bates Stamp Nos. York 47- York 49, bearing the date June 25, 2004, and entitled Master Contractor Agreement."

Plaintiff remains dis-satisfied with the state of document production, asking the Court to appoint a computer expert to "restore, trace and extract the emails that the Defendants claimed it [sic] could not retrieve, perform searches for keywords and file attachment types, and load the results of the searches for review of all the parties and the court."

It appears that, at this time, Defendants have fully responded to the Plaintiff's requests for documents;  all emails that meet the parameters that Plaintiff set forth have apparently been produced.  If Defendants have not provided a signed, written response indicating that a thorough search of its email archives was conducted and that everything requested by Plaintiff has now been produced, they shall do so within 14 days of this order.  I see no need, however, for any further searches of Defendants' electronic email archives to be conducted.

Discovery in this case ended on May 9.  Other than the discovery discussed in this Order, discovery is now closed.    Dispositive Motions are currently scheduled for filing on or before June 15;  in order to allow Plaintiff to receive all discovery ordered herein, the deadline for dispositive motions is extended to June 29.  Responses and replies are similarly extended pursuant to Local Rule 7.1.  The date for final pretrial conference (Sept. 28) and bench trial (Nov. 5) remain as currently scheduled.

ENTER this 30th day of May 2007.

s/ John A. Gorman

JOHN A. GORMAN

UNITED STATES MAGISTRATE JUDGE